Thank you. We are ready to take up our third and final case for today, No. 19-1360, Wambura v. Barr. And Mr. Clare, we'll hear from you. Thank you, Your Honor. Good morning. May it please the Court, I'm Jeffrey Clare, I'm counsel for the petitioner of Wambura. Your Honor, the case is about whether the government correctly denied requests for deferral of removal under the Convention Against Torture or withholding cancellation of removal under the Immigration and Nationality Act. We assert two principal errors in the decision below. The first is that the government failed to comply with statutory requirements for the handling of corroborative evidence. And the second is that the government failed to comply with Supreme Court precedent explaining how to calculate the value of the loss in the mortgage fraud case where that pertains to whether the convictions at issue amounted to an aggravated felony under the statute. Your Honor, yes. Counsel, if I could just make sure I understand the framework of things. With respect to your last argument, and I want to hear you on this, so don't take this as a, that I've made, that I've decided. But if you do not prevail on the aggravated felony issue, are we left with focusing on the corroborating evidence issues for the CAT claim alone? Yes, that's right, Your Honor. The aggravated felony provisions, if established, would bar requests for withholding or cancellation of removal. They are not applicable to claims for deferral of removal under the Convention Against Torture. So those claims would go forward independent of the court's determination on the aggravated felony question. And one more thing, just to kind of make sure I understand the framework. With respect to your corroborating evidence claims, there's the issue of whether, I'm going to use this term, advanced notice of the need for corroborating evidence is required. And there's the issue of whether there was a finding of availability or unavailability. On that second point, is that a due process claim that you're making, the second corroborating evidence point? Your Honor, neither of those claims are founded on a due process contention. We've alleged that some of these provisions are consistent with what the due process clause would require in terms of notice and fundamental fairness. But the arguments that we've presented to the court are statutory arguments. Now, certainly, due process requirements are a kind of thumb on the scale of how you might construe those statutory provisions. But our claim before the clause rests on the statute. So yes, questions of law and statutory interpretation. Is that correct? Absolutely. Okay. I appreciate you clarifying that. Sure. First, let me turn to the provisions on handling corroborative evidence. You have the pertinent text where, of course, the court must begin at page 14 of the government's brief, as well as in the statutory appendix. And the operative provision provides that where the immigration judge determines that the applicant should provide evidence which the applicant does not have the evidence and cannot reasonably obtain. Now, in our view, the best construction of the statute is the construction adopted by the Ninth Circuit in Wren. It noted that these are forward-looking provisions that really hinge on the immigration judge's evaluation of the record and whether he or she believes additional corroborative evidence is necessary. And then following that determination, there must be an opportunity to either provide the evidence or explain why it cannot reasonably be provided. Yes, Your Honor. Counsel, can you help me with this? I don't really understand fully why that issue is client. I'm looking for this corroboration. Your client did not ask for a continuance and an opportunity to provide that evidence. Instead, your client offered up an explanation on the record for why the evidence was unavailable to him. And so it seems there's that footnote in Wren, footnote 12, where they say, look, if the petitioner is given notice and instead of asking for time to produce the evidence, simply chooses to explain the absence, there's no continuation, there's no need for this process. What you get is a determination by the IJ on whether the explanation is sufficient. So it seems to me that even under Wren, we'd be back in the same place we are in this case, which is what went wrong is there was no explanation given by the IJ for whether or not that evidence was reasonably available. So I don't understand how sort of this circuit split or these larger questions, which seem to be mostly about if upon receiving notice, you say, not I can't get that evidence, but rather I will need a couple of weeks to pull it together, whether you are entitled to a continuance or not, which is what Wren thinks, or whether that's a matter of IJ discretion, which is what the BIA thinks. But I don't see how that matters to the resolution of this case. Well, I take your Honour's point. First, if I could direct your Honour's to page 94 of the appendix. This is an excerpt from a hearing transcript, and in the middle of the page, the judge is indicating the corroborative evidence is necessary. And the petitioner Juan Berger is talking about the CARE Coalition. That is a legal orientation program sponsored by the Department of Justice, where non-profit groups help immigrants prepare a case. And he's saying all the information I have already before the court is from them, and if they knew anything that I needed about it for my court case, they will definitely present it. So he's asking for some opportunity there to go back with the assistance of this provider and get it. Secondly, in the course of the hearing and the calendared hearings that preceded it, the judge offered Mr. Umbrera several continuances so that he could have some opportunity to obtain counsel. And at the last such calendar hearing, she made clear that she was going to proceed to a decision on the merits. So when this merits hearing is held, she notes the lack of evidence but really doesn't afford any opportunity for Mr. Umbrera to go back again and address the concerns that she had in that proceeding. Am I misunderstanding? I thought Mr. Umbrera's explanation was, I'm in detention and I don't have access to the Internet. Certainly he noted some important and difficult restrictions on his ability to get information. And they would have been at play even with notice that more corroborative evidence was required. But they didn't render it sort of impossible for him to at least make some attempt to address the immigration judge's concerns about corroborative evidence had he had an access. CARE Coalition, it's a non-profit organization that helps immigrants. I'm sure you will be familiar with their work because they appear frequently in these, or they help frequently in these matters. And you have in the record a substantial body of evidence already supporting the I-589 application, much of which was prepared by this organization. So they had made an attempt at that. And they are, of course, an organization with limited resources that are already stretched thin. But with at least some fair notice of what the IJ deemed was lacking in corroborative evidence, there was at least, would have been at least some opportunity to address the IJ's concerns and to get more evidence before the court. And that was denied  by the IJ. Counsel, kind of shifting gears a little bit to the issue about whether the lack of a finding on availability. And I think it's pretty clear there was no such, you know, at least express finding. So let's assume that a finding is required. And that the IJ is required to provide it. And then there's a determination that the corroborating evidence is unavailable. What happens then? I'm trying to play this out and see what ultimately happens here. I mean, there's a lot of discussion about the failure by the immigration judge and then the BIA of your client's inability to meet its basic burden of proof. And if there's a determination that the corroborating evidence is unavailable, what's the effect of that? Well, Your Honor, what these provisions do is they impose a substantive requirement that the immigration judge consider the totality of circumstances in the case. Both the credible evidence that supports the claim and if the judge feels, you know, maybe something more is needed. Whether it is a practical matter, the petitioner has the ability to obtain the evidence. And that is something that the judge in sort of rulemaking discretion, rather adjudicatory discretion, is supposed to take account of when he or she decides the case. Now this court, as well as several others, and we filed in response to the court's request for supplemental briefing, this court and others as well has said that the failure to make such a finding is reversible error. And there's no doubt that such a finding was not made here. The I got you on that. I understand your point there. But if you're right, it goes back that there's a determination that either that there's corroborating evidence is unavailable, in which case I would think that means you can't meet your burden of proof, or it is available and are you – and I'm trying to get the implications of either way. Is your point that if it's available, you should get time to go get it? Kind of dovetailing back into the first issue? Or is your point that it's unavailable, you know, it's not the petitioner's fault and you somehow have a lower burden of proof? I don't understand the consequences really one way or the other. Your Honor, I think that Congress is struggling with a tension between statutory provisions and regulatory provisions that make clear that credible testimony alone may be sufficient to support a claim, that the absence of a particular piece of corroborative evidence is not fatal, but at the same time the judge may want to require a little more and ask for it. And the outcome of that, if the judge thinks more evidence should have been provided but wasn't, is that the judge is supposed to focus, again, on the totality of some circumstances. Well, how weighty is the credible testimony? What would corroborative evidence have added to the claim? Is it really fatal to the claim? And so forth. So I can't give Your Honor a conclusive answer as to what would happen. Only note that the immigration judge is supposed to take all that into account, that she didn't, and the failure to take it into account is reversible. Counsel, counsel, sorry, I have a question. I have the same question as Judge Claude Obama. Assuming that there's a finding that this evidence was not reasonably available to the public, what happens, what flows from that? And I had thought, or at least this is a question, is one thing that flows from it, that in this case it looks like the IJ sort of held it against the petitioner in terms of credibility that there was not corroborating evidence. The IJ basically said, I don't believe your account of what's going on because if that were true, there would be X corroborating evidence and we don't have that. So I would have thought that one of the consequences of finding that the evidence is not reasonably available is that the IJ then can't do that, can't use the absence of the corroborating evidence to call into question the credibility of the petitioner's account. But is that not what follows from that? Well, I think perhaps it's not quite as clear cut as that. Your Honor, let me step back a bit and talk, if I may, for a moment about the legislative history of this provision. There's a Sixth Circuit case I've cited in my 28J letter, and the dissent in that decision recounts this history in some detail. This is a statute of amendment that was enacted in 2005. Before that statute, some courts, mostly in the Ninth Circuit, had held that not only is credible evidence sufficient to support a claim, but if there's a finding of credibility, the immigration judge is not allowed to require more, is not allowed to require more. And the court, of course, was unhappy with that and stepped in with this provision that says, well, it leaves in place the provisions that credible evidence alone may be sufficient, but authorizes the immigration judge to ask for more corroborative evidence if he or she believes it necessary, subject to the condition that the immigration judge must take account of limitations on the applicant's ability to provide such evidence, and factor that into the decision. Now, I understand the court wants an answer to, well, how does that factor into the decision? And I think that's really a function of the discretion that the immigration judge has in evaluating the evidence of the record and the circumstances of the particular case. Yes, Jim. Counsel, help me with something, because I'm trying to figure out C-4B. It requires a finding, but it seems like to me there are two different ways that an immigration judge could make that finding. This provision only applies as a threshold matter where there is otherwise credible testimony. Yes, sir. And if there's otherwise credible testimony, then there needs to be a finding that doesn't have it and it's reasonably attainable. And an opportunity to provide it as well, would it be sufficient for a immigration judge to say, on the crucial point here, I find the testimony is not credible. And therefore, this entire provision, C-4B, is inapplicable. That I only get to this secondary consideration about reasonably obtaining the evidence if I find otherwise credible testimony that supports the claim. So, in other words, an IJ says, I find your testimony is not credible. Therefore, I don't even look at C-4B or I find it credible and then I make a determination under C-4B. But the threshold determination, it seems to me, is whether there is otherwise credible testimony. Is that not the right way to read the statute? I think, Your Honor, I think that is a required way of reading the statute. I noted, for example, in my 28-J submission, a new Fifth Circuit case that goes on at some length to analyze these provisions, but then finds that there was no credible testimony in the first instance. Our position is that makes the whole consideration of this provision irrelevant. That this provision only comes into play if the applicant is credible. On that regard, I note that the BIA made a finding in its decision that because of a lack of a clear findings from the immigration judge, it is going to presume that the applicant is credible. So on the record before the court, I think... But go back. So I'm interested in what the IJ was required to do. This is just a statutory right, and you're saying the IJ was required to make a finding that the evidence wasn't available. I read the IJ as saying, on the critical part here, on what matters, I find the applicant to be not credible. And the BIA assumes that away. But if it's just a statutory right, the IJ here made a finding, not credible, and that finding is sufficient to move any other discussions about C-4B. That means C-4B is simply inapplicable across the board. We're done. Again, I take your Honor's point. I think, first of all, on the record before, the court has to assume, as the board assumes, that the applicant is credible. Secondly, the board finds that there's... You're saying the statute required the IJ to make a finding. The IJ made a finding. If it's just a statutory requirement, the IJ, under my reading, the IJ complied fully with the statute. It made a finding not otherwise credible. Not credible. Ergo, C-4B simply doesn't apply. Well, Your Honor, I think what the board held is that the IJ didn't make a finding one way or the other on credibility. Now, I think the credibility is a somewhat slippery term. I understand credibility being cut. Does the decision-maker think that the witness is testifying truthfully? I don't find anything in any of these decisions to suggest that the IJ or anyone else thought that Mr. Lomboro was not truthful in what he was accounting. She labels as a credibility finding, I think, determinations that really, well, I may believe what you claim. So that may be labeled at some junctures in the IJ's decision, but I don't think that's really an adverse credibility finding. This is like a Rorschach test, because as I read the IJ, the IJ is finding the testimony not credible, but at least partly on the ground that it's not corroborated. So then I'm trying to figure out, like I just feel like we're in a weird spiral. Could the IJ do that in your view? What would happen if an IJ said, I don't find your testimony credible, so I don't need to make a finding. I don't need to go on and make any further findings. This provision is gone. But that credibility determination rested in part on the absence of corroborating testimony or evidence. Where would you be then? I guess my answer is I'm not sure, Your Honor. What you really want to say, I think, is that you may have a due process claim, or you may have some other claim, but what you don't have in that is a claim that the IJ violated C-4B. Might have violated due process, might have done something else, but the IJ didn't violate C-4B, because C-4B just says if it's otherwise credible, then you can go further and require it, but it doesn't limit the IJ's determination of credibility to certain factors. And maybe you'd have a due process argument, but you would not have a pure statutory violation of C-4B. Why isn't that really what you're going to say? Well, again, Your Honor, I think this credibility is a slippery concept. I read this provision as meaning if the judge finds that the applicant is testifying truthfully or not testifying untruthfully, that that is sufficient to trigger the corroborative evidence. Your Honor, I'm already into my rebuttal time here. Could I have a moment to address the other claim in the case, or should I wait for rebuttal? Let me ask my colleagues if they would like to do that now or are content to wait for rebuttal. I'm content to wait. Thank you very much. Mr. Pennington, we'll hear from you. Did I get that right? Yes. Thank you, Judge. And good morning. I'm Greg Pennington for the Attorney General. Now, I agree that the court doesn't have to address this larger issue of whether the statute requires notice and an opportunity to provide corroborating evidence. And much of that is because the board didn't adopt all of the immigration judge's findings on corroboration. And if you look at the judge's decision, she talks a lot about the stuff he did, Mr. Wambora did while he was in the United States on behalf of this Chedima diaspora. And she asked why he didn't submit letters that he submitted on behalf of this organization, or why he didn't submit evidence that he organized this protest, or why he didn't submit evidence from these other members. But the board, as we've kind of gotten into this credibility slope, the board assumed that everything he said was credible. And the board took issue with why does all that stuff that happened in 2012 equate to a probability that he will be tortured. And I'd like to remind the court that torture, the definition of torture, requires an applicant to show that he will more likely than not be in custody of a government official or be in the custody of somebody that the government is acquiescing to, and then be subjected to extreme, cruel, and inhuman treatment. And what the board was saying is that just doesn't show that, because you testified that you believe that when you get back to Tanzania, you might have the chance to be involved in this political party. And then if you elevate yourself to some sort of prominence, you might be subjected to some sort of mistreatment. And that was his claim. And the board said that that's just, as a matter of burden of proof, too speculative. And the only piece of corroborating evidence that was forward-looking that the board mentioned was this letter from his father, which the immigration judge noted at the end of the hearing. So the immigration judge says, is there anything else you'd like to add? And Mr. Walenbora said, yes, I talked to my father on the phone back in January of 2018, and he told me that he was followed by the secret police. And the judge says, well, why didn't you submit a letter about this? And he says, well, I told my father to send an email, and I've been immediately locked out of my email account. So the board noted that as the only... Counsel, if I could interrupt you, and I apologize a little bit. I think it sounds like what you're getting at is based on the board's decision that the speculative nature of the testimony, even if corroborated, would not have changed the fact that it was still speculative and made a difference here. I think that's what you're getting at. Am I understanding that correctly? That's right, Judge. And this kind of goes back to your... Yeah, so there's no prejudice in your view. And I'm not... Again, I want to... You can explain more about that. I'm just trying to figure out the chain of analysis here. And so I'm going to kind of go to the same questions we were asking your colleague a second ago. Putting aside the first issue of whether advance notice is required, if there is no finding about availability, what does that matter here? Is it because, as Judge Richardson said, if there's not otherwise credible testimony, we don't even go to corroborating evidence? Or do you think we're supposed to go to corroborating evidence, there was a mistake, and there's no issue there? Just kind of walk us through... Don't go straight to prejudice. Walk us through the analysis of how we get there, please. Right. So I would agree with Judge Richardson's point about if the immigration judge is going to find the nature of your testimony uncredible, I don't believe that you are actually going to go back and be harmed by your government, that would stop the analysis. Once an applicant is found not credible, that could be the end of it. And this court routinely upholds on credibility. Now, there can be an applicant that submits corroborating evidence that is so corroborative and objective that it might rehabilitate testimony that's found incredible. So I think it might still play a role, but it doesn't have to as a matter of statutory walking through. And... Yes, Judge. So I also am deeply interested in how this analysis is supposed to work. And I understand the argument that in a hypothetical situation where the IJ just says, look, I don't believe a word you're saying, there's no need to make any finding about whether or not corroborating evidence would have been reasonably available. But it does... I guess I have questions about whether we can look at this statutory scheme where, as your colleague was pointing out, Congress was really aware that sometimes corroborating evidence simply would not be available and that IJs had to be sensitive to that. Whether it would be okay for a hypothetical IJ to say, I don't believe you in part because what you're saying is not corroborated. So therefore, I'm finding you not credible and now we don't have to worry about whether that corroboration would have been reasonably available to you or not. That seems sort of inconsistent to me with kind of Congress's obvious emphasis on the fact that, look, sometimes corroborating evidence will not be reasonably available to immigrants and IJs have to take that into account. I would agree with that. I would point the court first to the first sentence of C-4B. So before we get to the otherwise credible testimony and where the trier of facts determines, the first sentence of C-4B says an applicant must submit documentation as required by the statute and the application that's being submitted. So I mean, that was up front by Congress. Like, we expect you to submit documents in support of the application if the application so requires. And an application for asylum or withholding or deferral under the Convention Against Torture states up front as well that you must submit any documentation to support the specifics of your claim, not just country conditions, unless it's not available. And if so, you must explain. So I would agree that a mixed credibility finding is like the judge is just kind of giving evidence, supports that this might happen to somebody, but I don't believe you that it's more likely than not to happen to you. So I think kind of going through that path, the applicant would, the judge could make a choice there, make an explicit adverse credibility finding and say, I don't believe you and that's the end of it. Or say, maybe I think that this might happen. Do you want a chance to get some corroborative evidence? And the board in matter of LAC kind of expected that that might come up. And they said that, you know, an immigration judge can, during the course of a hearing, say, look, this one piece of evidence might be so crucial to your case. Is there any way you can get it? Or would you like a chance to go get it? And as the courts kind of pointed out, the judge in this case kind of went through that and said these things, but Mr. Wambora never offered any sort of, I'll go get it or I'll try to work with the CARE Coalition to help me to get it. And I would go back to this one piece of corroborative evidence that the board found was important based in the totality of the circumstances. And that's the conversation with the father. That was never raised until the last minute of the hearing. He never made this claim in his application or in his declaration in support of the application. So this kind of caught the judge by surprise. And the judge says, well, where's this letter? And again, he never says, well, I can get it for you. You know, it's been sent to an email that I can't access, but I can call my father and get it. He never asked for more time. And so I think that that kind of gets me to the prejudice. We're looking at this one piece of evidence. And that goes back to Judge Quaddogon's question about, well, what happens if you have one finding on this? What's the difference? And I would say nothing. And that's why harmless error or prejudice should apply. Because in the scope of the entire board decision, the board's looking at the nature of his claim. And so even if it goes back... If I could interrupt you, because I've done this twice. It's not because I don't appreciate your prejudice argument. I just think I understand that. And there's parts I don't understand. So kind of in the hypothetical world, let's assume that there was a case where the possible corroborating evidence was fundamental. And if it was there, would, you know, save the day for the petitioner? And the judge makes a finding that that testimony is unavailable. Does that mean that because it's unavailable, you know, the petitioner wins? Or does that mean because it's unavailable, the petitioner can't meet its burden of proof and loses? Under that hypothetical, I think that the immigration judge has to assume the truth of what's being said and can't say, I need you to go get this other evidence because the immigration judge has already found that you can't get it. So I think that the judge can't make this explicit adverse credibility finding or you fail to meet your burden of proof on that one specific point. But when you're looking at the totality of the evidence, you know, even here, like, let's take this hypothetical about this. But you agree that that hypothetical, I know we're like four hypotheticals deep here, but that hypothetical only applies where the judge otherwise finds the testimony credible. Correct. Or where the judge is having trouble, I know this kind of gets into this, where are we here, that the court's kind of brought up in the first part of the argument. I agree that you only get there if the judge is saying that this is credible testimony or mixed credible. And that could be a burden of proof and persuasion. No, no. I don't get where the, like, I don't know question comes in. You're saying, if the judge says, I don't really know whether you're credible, then you can implicate C-4B. But C-4B requires the judge to first find you're credible before C-4B takes any role. Now, I mean, to me, see, just, I'm just pure statute, right? But the statute only applies where the judge finds you otherwise credible. Right? And this is back to your colleague's point, to the extent we want to sort of evaluate the legislative history. They are concerned about, in this scenario, the instance where an IJ says, listen, I believe you, right? But, you know, I think I need something more. Like, I just want to see what else is there. Right? But it requires that first part, is that I believe you. Otherwise, we're not in C-4B land, or we're not in what I guess is the third or fourth sentence of C-4B. C-4B has a number of sentences, but we're not in C-4B sentence whatever in the world it is. Right? I agree. It's just there's some cases where the judge doesn't have enough to render an explicit adverse credibility finding. There's no inconsistencies, or there's no demeanor. Okay. And in that world, we're not in C-4B sentence four, because the testimony is not otherwise credible. And so that's not where we are. We got to evaluate it some other way. We're just not in sentence four of C-4B. If the judge doesn't know, if he can't find the testimony credible, he just doesn't know, that may well be the case. And he's got to figure out a way to resolve that, but he doesn't do it through sentence four of C-4B. That's the point I'm trying to see if you agree with. I take your point. I guess I've never seen it analyzed that way by another court. I mean, I get it going sequentially. I understand that you get to sentence two. If that's not satisfied, you're somewhere else. And I agree with that. I think that makes sense. I guess where I'm having trouble is what statute would you analyze the... Because it also talks about burden of proof and persuasion, if I'm correct, unless I'm talking about another subsection of that statute. But the statute also talks about not only credibility... It does talk about that, but in talking about the corroborating evidence, it's only about the credible, first determining there's otherwise credible evidence. So it first says you hit three things, credible evidence, persuasive or first specific facts. And then it comes back and says, if you find the credible evidence, then that's where the corroborating part comes in. So then I would agree that the statute would not apply there. And then maybe we're back to maybe a due process argument like you mentioned earlier. But I would agree that under that reading of the statute, otherwise credible testimony, that seems pretty explicit in plain language, doesn't say otherwise credible or unpersuasive or otherwise, then maybe that statute doesn't apply and a statutory violation argument wouldn't work. So I guess you would then get to the burden of the due process. And I hate to keep going back to prejudice, but that's where I would make that prejudice argument again, is that this... Yes, Judge. I mean, I don't really even know that this is a question so much as a thought. What I'm finding so frustrating about this case is we're sort of left parsing this IJ decision to try to figure out like, what did the IJ do here? Was there a credibility finding rendered independent of the absence of corroborating evidence? Was there like a threshold credibility determination? The BIA thought not, but we might not be bound by that. But it's just really hard to figure out what was going on in this IJ hearing. And I don't want to cast any aspersions on the IJ. It actually looks to me just sort of based on anecdotal information. I think the IJ paid a lot of attention to this case and was careful and it was a thorough hearing, but it is very hard to figure out what happened. And I guess one thing I would take away is it would be really helpful if the IJs made all the necessary findings, like check the boxes. We might have a better idea of what was going on here if the IJ had been sort of, I don't know. I can't figure out what happened here. I cannot figure out, it is not clear to me in reading this transcript, and that's all we really have, I mean the IJ's decision too, but the transcript, whether we have a credibility determination that is independent of a requirement that there be corroborating evidence. That's what I'm having trouble isolating in this decision. Do you think there is one? Is there a place where the IJ said, I don't find or I am not finding credible, I don't find you credible apart from your failure to provide corroborating evidence? She did. So she said that she was giving a mixed credibility finding. So she says, I have no question to disbelieve that you were the chairperson of this diaspora of the Chedima. I have no reason to question any of your past activities. I just don't believe, and this kind of gets into the mesh of corroboration versus credibility. She says, I don't believe. That's what I'm saying. It's all twisted up. But she did say it's a mixed credibility finding. I just don't believe your future claim that you really believe that you're going to experience any harm based on your past activities. But do you think. And she pointed to the. Oh, sorry, go ahead. You finish your sentence. She pointed to like the country condition evidence to say, and maybe that's because the credibility statute certainly talks about comparing testimony with the country condition evidence. She says, you know, this is a highly represented party in your country. There are over 30 percent of the parliament. The country condition evidence doesn't show that the government picks up and tortures opposition members. So I think that's a mixed credit. Sorry, sorry. I'm just so eager to get it. So you think that that finding was independent of the failure to provide a copy of the letter from the father? You think that quite apart from that, she's finding this claim incredible? Yes. And traditionally, that's what immigration judges do, is they make an initial credibility finding. And that's usually the first part of their decision, especially when they do written decisions. But they make a credibility finding first. I mean, it's what Congress intended. We have to believe what you're saying. And then you start getting through the other things. Either I believe you, but you haven't met the other elements of your claim, or I don't believe you and therefore you lose, period. Or you haven't really persuaded me. Therefore, I need some corroborating evidence. I think that this one first fell into the first category of this is, you know, adverse credibility for the forward-looking claim. But I think because it wasn't so explicit, that's why the board just assumed it away in that flood note. They said, yes, Judge. I just want to make sure I understand. Do you agree with what I take to be the premise of Judge Harris's question? That C4V, sentence four, or whatever sentence it is, requires that the credibility determination be made wholly independent of any kind of other evidence, corroboration or otherwise? I mean, is there an independence requirement? I mean, I get it's a hard question to say whether the credibility determination was wholly independent. But do you think that the statute requires independence? And if so, where do you get independence out of the statute? I don't think the statute requires independence. I think that just based on board precedent over the past is where an adverse credibility is rendered, sometimes an applicant can rehabilitate it with corroboration. I guess that would be my answer. But it doesn't appear from the plain language of the statute that once you make a credibility determination, you're out of there of C4V and you're into another area of, well, can you do something else with your claim aside from the burden of proof in that statute? So you think if the IJ made a credibility finding and said, I'm finding this incredible because you failed to provide corroborating evidence that you could not reasonably obtain, that's consistent with the statute? The IJ could do that? Could say, I'm finding you incredible because your father's letter is not in the record. I fully understand and make a finding you could not reasonably obtain that letter. It wasn't available to you. Nevertheless, I think you are not credible because that letter is not in the record. You think that would be consistent with this statutory structure? That the IJ can explicitly hold against a petitioner's credibility the absence of evidence that the IJ has found is not available to the petitioner? That to me seems inconsistent with the statute. I don't think the statute says that. No, I think the statute says otherwise credible testimony. It doesn't say anything about the credibility of your claim based on corroboration. But could an IJ find that the testimony is not credible because it is not supported by corroborating evidence that the petitioner does not reasonably have access to? I guess I would say that the judge would be finding the testimony incredible based on that. Yeah, I think that's allowable by the statute. Yeah. You think that's allowable? Okay. I see my time is ticking way overboard. If there's no other questions. We didn't get to any of the other stuff, but we would ask the government to deny the petition for review. Thank you. Mr. Clare, you have some rebuttal? Yes, thank you, Your Honor. I think one problem with the government's analysis and some of the hypotheticals from the court is that it would allow an immigration judge to defeat a lot of the purposes of the statute by simply not making any kind of credibility determination at all, notwithstanding the fact that so much of the case depends on the immigrant's testimony. I think the statute actually addressed, and it takes some care to address that circumstance. I'm looking at subsection C of this same provision, 1229AC4C, and the last sentence there says there's no presumption of credibility. However, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal. This is the provision the board cites at page five of the appendix in footnote three, where the board says the immigration judge didn't make an explicit credibility determination. For purposes of the appeal, the presumed respondent's credibility, the respondent is credible. I'm sorry, could you just repeat where you were reading from? Okay, I'm reading in the statute. It is 1228USC1229aC4C, and that's page 7A of the appendix to our brief. Then again, the board relies on that. Now, what I take that to mean is that in circumstances where there's no credibility determination or an ambiguous credibility determination from the IJ, there is, in effect, a presumption for purposes of the entirety of this statute that the alien is credible, and that that would then trigger these kind of requirements for notice and a reasonable opportunity to provide the evidence and for there to be explicit findings as to whether the evidence was reasonably available. Otherwise, I think you are left with a kind of hole in the statute that really defeats Congress's purpose to balance an alien's difficulty in getting this kind of evidence, provisions that enable a claimant to succeed solely with credible testimony, and provisions that are supposed to facilitate an alien's ability to provide corroborative evidence where the immigration judge deems it necessary. Your Honor, as one of Mr. Pennington's colleagues said early in the case, I've raised a lot of issues in this case. I haven't gotten near a number of them. I will take whatever time the Court might be willing to give me on them. Otherwise, we'll rely on the briefs. Do either of my colleagues have questions? I do not. All right. Well, thank you very much then. We would normally come down and shake hands and say how grateful we are for your help today, but instead we will have to do it remotely. We are very grateful. We thank you for being here today. And with that, I will ask the Court to adjourn until 1 p.m. Thank you. This Honorable Court stands adjourned until 1 p.m., God save the United States and this
judges: Pamela A. Harris, Julius N. Richardson, A. Marvin Quattlebaum Jr.